[Civ. No. 13248.   Second Dist., Div. Two.   Dec. 22, 1941.]

R. L. BUTCHER, Plaintiff; SALLY WILLIAMS, Appellant, v. JOHN C. BROUWER, Respondent.

Emmett A. Tompkins for Appellant.

George Acret for Respondent.

McCOMB, J.—From an order modifying the provisions of a restraining order issued against defendant John C. Brouwer, which prohibited him from disposing of his property, plaintiff's assignee appeals.

So far as material here these are the essential facts:

September 30, 1940, the trial court entered an order substantially prohibiting defendant Brouwer from disposing of his property other than in transacting his business "in the ordinary course." On October 17, 1940, the trial court made an order purporting to modify its previous order, permitting defendant Brouwer to renew a chattel mortgage existing upon certain of his property.

■ This is the sole question necessary for us to determine: *Did the trial court abuse its discretion in making the order of October 17, 1940, supra?*

This question must be answered in the negative. In support of his motion defendant Brouwer filed an affidavit which read in part as follows:

"That on or about October 3, 1940, affiant borrowed said sum of $3,000.00 as an additional loan, and he has since paid back to said agency out of his said dairy business the sum of $4525.00; that the former chattel mortgage on said business is now reduced to approximately $4700.00; that affiant desires and requires for the further operation of said business an immediate new loan from said agency in the sum of $4,000.00 additional upon the aforesaid basis; that said additional loan is necessary in said amount to the continued operation of affiant's said business; that after the making of said loan affiant's total indebtedness will be about $700.00 less than it was on October 3, 1940."

Clearly, upon the facts stated in the foregoing excerpt from Mr. Brouwer's affidavit the trial court was justified in permitting him to renew his chattel mortgage. In fact, it appears that under the procedure followed the security for the judgment was increased rather than diminished.

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.